J-S55029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMENIC FLORIO | |
| Appellant | No. 3985 EDA 2017 |

Appeal from the PCRA Order entered November 3, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007075-1982

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 15, 2018**

Appellant, Domenic Florio, *pro se* appeals from the November 3, 2017 order of the Court of Common Pleas of Delaware County dismissing as untimely his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The factual and procedural background are not at issue here.  Briefly, Appellant was the owner of a video arcade in Darby Borough, Delaware County.  The "arcade was a front store for a drug sales operation[.]"  Trial Court Opinion, 5/29/84, at 1.  In December 1980, there was a burglary at the arcade, and drugs were stolen.  *Id.* at 2.  Eventually, Appellant learned that Scott Taylor was involved in the stealing of the drugs.  *Id.*  On January 7, 1981, Scott Taylor was lured to the arcade and killed with the assistance of

two other individuals.  *Id.*  Appellant was arrested for Taylor's murder on November 29, 1982.

Trial against Appellant commenced on April 27, 1983.  At trial, a witness for the Commonwealth, Richard Walczak, testified, *inter alia*, that in the first week of June 1981, Bryant Taylor and his brother Billy went to the arcade to talk to Appellant about their brother Scott's murder.  Walczak heard Appellant saying that if they were to start troubles, they would end up just like their brother.  Appellant's Brief, Exhibit B.

On May 4, 1983, Appellant was found guilty of murder in the first degree, and related charges, in connection with the killing of Scott Taylor.  On March 15, 1984, the trial court sentenced him, *inter alia*, to life in prison.  On direct appeal, we vacated and remanded to address Appellant's claims of ineffective assistance of counsel.  On June 19, 1985, the Supreme Court denied petitions for allowance of appeal from the Commonwealth and Appellant.

On remand, the trial court denied post-trial relief.  Appellant appealed to this Court.  We affirmed the denial.  *See Commonwealth v. Florio*, 2060 PHL 1987 (Pa. Super. filed April 21, 1988).  The Supreme Court denied Appellant's petition for allowance of appeal on October 3, 1988.  Appellant's judgment of sentence became final ninety days thereafter (January 3, 1989), at the expiration of the time allowed for seeking a writ of certiorari with the U.S. Supreme Court.

The instant PCRA petition, which included an affidavit from Bryant Taylor, notarized in a prison on May 3, 1993, was filed on July 9, 2012, and amended by counsel February 20, 2015.[1] In the affidavit, Bryant Taylor, now deceased, stated that, contrary to Walszak's testimony, he, Bryant, could not have been at Appellant's arcade the first week of June 1981 because he was incarcerated in the Delaware County prison at that time.

The PCRA court dismissed the instant petition, without a hearing, on November 3, 2017. This appeal followed.

On appeal, Appellant raises two issues: (i) prosecutorial misconduct, and (ii) illegality of his sentence. We cannot entertain these claims because the underlying PCRA petition is untimely and Appellant failed to plead and prove that he met any of the exceptions to the time limitation.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

---

[1] The affidavit, along with other personal effects of Bryant Taylor, was found by an individual in the basement of a house she had recently bought in Minersville, Schuylkill County. Appellant claimed that he received the affidavit on or about May 30, 2012. PCRA Court Opinion, 12/28/17, at 6.

- 3 -

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[2] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy,* 737 A.2d 214, 223 (1999)).

Appellant does not expressly address the issue of timeliness of the instant petition. Rather, Appellant believes that since the underlying criminal proceedings were illegal, the instant PCRA petition is not subject to "time bar" and the issues raised therein are "non waivable." Appellant's Brief at 5. Appellant is mistaken. Both claims, *i.e.*, prosecutorial misconduct and

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 4 -

illegality of the sentence, must be timely raised within the time restrictions of the PCRA. Failure to do so prevents us from addressing the merits of the petition. **See Stokes**, **supra**; **see Holmes**, **supra**.

While Appellant failed to raise the applicability of any exception, Appellant's argument in connection with the prosecutorial misconduct claim seems to suggest that he relies on the newly-discovered timeliness exception set forth in Section 9545(b)(1)(ii), consisting, in the instant matter, in the newly discovered witness Walczak's alleged perjury.

The newly-discovered exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017).

Under the newly-discovered facts exception, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. **See Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001). Due diligence demands the petitioner to take reasonable steps to protect his own interests. **See Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). This standard, however, does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).

We note this is Appellant's third attempt in raising witness Walczak's alleged perjury. He raised, unsuccessfully, the perjury issue in his prior PCRA petitions (respectively, **Commonwealth v Florio**, No. 2060 Philadelphia 1987, unpublished memorandum (Pa. Super. filed April 21, 1988), and **Commonwealth v Florio**, No. 2916 Philadelphia 1994, unpublished memorandum (Pa. Super. filed April 17, 1995)). In his third attempt, Appellant argues that the witness perjured himself to the extent that the witness stated that Bryant Taylor interacted with Appellant in the first week June of 1981 at Appellant's arcade. Specifically, relying on the affidavit from Bryant Taylor, Appellant argues Bryant Taylor could not have met Appellant the first week of June 1981 because at that time he, Taylor, was incarcerated in the Delaware County prison.

While not expressly stated, Appellant implies that he learned of witness's alleged perjury only as a result of the 1993 affidavit. We disagree.

The witness testified about the alleged encounter at Appellant's trial in 1983. Whether Appellant met with Bryant Taylor the first week of June 1981 is a fact known to Appellant since the first week of June 1981. Thus, the affidavit does not reveal any fact that was unknown to Appellant.

The mere fact that he only recently came into possession of an affidavit stating what Appellant knew all along is of no moment. "The focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis and alteration in original)

- 6 -

(citation omitted). Appellant's use of the affidavit is just "another conduit for the same claim of perjury[, which] does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." **Id.** (citation omitted).

Finally, Appellant knew about Bryant Taylor's absence at the meeting since the first week of June 1981. He does not address, what steps, if any, he took to support his stance. **See also** PCRA Court Opinion, 12/28/17, at 6 (Appellant "has not explained to this court how the [documents attached to the instant PCRA petition in support of relief] and their contents could have been ascertained prior to the filing of the instant petition.").

In sum, Appellant's latest PCRA petition is patently untimely, and Appellant failed to plead and prove the applicability of any of the PCRA timeliness exceptions. To the extent the "newly-discovered" fact exception can be deemed raised, Appellant failed to show that the new fact was unknown, and the extent, if any, of the efforts he made to learn about the new fact in a timely fashion. Accordingly, we must conclude that, Appellant's instant PCRA petition is untimely, and that the PCRA court did not err in dismissing it as such.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/15/18</u>